| STATE OF LOUISIANA, | * | NO. 2021-K-0512 |
| VERSUS | * | COURT OF APPEAL |
| STANLEY WALDRON | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**DYSART, J. DISSENTS**

*DLD*

I respectfully dissent from the majority opinion and would deny Mr. Waldron's writ application seeking post-conviction relief.

Mr. Waldron's conviction and sentence became final on June 20, 2003. Mr. Waldron filed his application for post-conviction relief on April 6, 2021 – over seventeen years later. Because Mr. Waldron's application for post-conviction relief was filed "more than two years after the judgment of conviction and sentence had become final under the provisions of Article 914 or 922," Louisiana Code of Criminal Procedure article 930.8(A)(2) requires him to establish: i. That his application is based upon a final ruling of an appellate court establishing a heretofore unknown interpretation of constitutional law; ii. That this interpretation is retroactively applicable to his case; and iii. That his petition is filed within one year of the finality of such ruling. La. C.Cr. P. art. 930.8(A)(2).

The "final ruling of an appellate court" under section (i) that Mr. Waldron relies on is *Ramos* and he must establish under section (ii) that this case is retroactively applicable to his case. Until a contrary position is taken by the Louisiana Supreme Court or the state legislature, *Ramos* is not retroactive. Because Mr. Waldron's claims are based on a final ruling that is not applied

retroactively, the district court did not abuse its discretion in denying the application for post-conviction relief.